RICHARDSON and others, executors, &c. *vs.* JANE SHARPE.

Where a power is given to executors to sell and convey real estate, and they fail to exercise the power within the period limited by the will, they cannot execute the power afterwards, so as to give a good title to a purchaser.

If the will contains an express and direct provision that the executors are to sell the real estate within seven years from the time of the testator's death, this implies that they are not to sell after that time.

CONTROVERSY submitted by the parties, for the opinion and judgment of the court, pursuant to the provisions of the code, upon a statement of facts agreed upon.

*J. T. Mills*, for the plaintiffs.

*C. J. Lowrey*, for the defendant.

Richardson *v.* Sharpe.

*By the Court*, Brown, J.   The only question involved in. this action is upon the power of the plaintiffs, who are the executors of Simon Richardson, deceased, to sell and convey the real estate of which he died seised, after the lapse of the period appointed by the will for the execution of the power. The testator died on the 28th day of October, 1850, and his executors offered certain of the lands whereof he died seised, for sale at auction on the 27th day of January, 1858, which were struck off to the defendant for the sum of $40.50, as the purchaser thereof.   Upon examining the title she refused to execute the contract to purchase, upon the ground that the plaintiffs, the executors, had no power to sell and convey.

I accept the authoritative declaration of the late chancellor, in *Egerton's Administrators* v. *Conklin*, (25 *Wend.* 224,) as a true exposition of the law, wherein he says, " The time when a power in trust for the sale of the testator's real estate can legally and properly be executed must, like every other disposition of property by will, depend upon the intention of the testator, to be ascertained upon an examination of every thing contained within the four corners of the will, and with reference to the objects the testator had in contemplation by the execution of the power."   It will be well, therefore, to look at the provisions of the testator's will, the objects of his bounty, and the purposes he sought to accomplish thereby. First, he gave to his wife Ann the one-third part of his personal estate, after the payment of debts and funeral expenses. Next, he have $2000 to his granddaughter, Emma Louisa Richardson, to be paid three years after his decease, provided she attained the age of 21 years, or have lawful issue before that age.   Otherwise the bequest to be void.   He then gave one-sixth to each of his five children, William, Stephen, Grace, Amanda and Clementine, to be paid to each of them, respectively, at 21 years of age, and upon their decease before attaining that age, leaving lawful issue, then to such issue. He also gave the remaining one-sixth part, with the interest that might accrue thereon, to his executors, in trust, to pay

and distribute the same to each of the children of his deceased daughter Sarah Ann, upon their attaining the age of 21 years; and upon the death of either of them before or after the death of the testator under twenty-one, and leaving lawful issue, then to such issue, share and share alike. And in case any of the said children should die after the death of the testator, and before attaining the age of twenty-one years, and without lawful issue, then the share of the person so dying to be distributed equally amongst his or her surviving brothers and sisters. Excepting the right of the mother to share in the portions given to the children of his daughter Sarah Ann dying under age and without issue, and excepting also the time of payment to all the distributees, the distribution of the personal estate is substantially the same as would have taken place under the statute of distributions had Simon Richardson died intestate.

With the exception of the trust to receive and pay over the rents, issues and profits, and the trust to sell within a limited period, and depriving the mother of the right to inherit as heir at law of her children dying under 21 and without issue, the disposition which the will makes of the real estate of the testator is substantially the disposition which would have been made by the statute of descents. First, there is a devise of all his real estate to his executors, and to the survivors and survivor of them, upon trust, to receive the rents and profits, and after paying expenses &c., to pay one-third part thereof to his wife during life, the one sixth part of the remaining two-third parts to each of his five children, William, Stephen, Grace, Amanda and Clementine; and the remaining one-sixth of two thirds to the children of his deceased daughter Sarah Ann, in the same manner and proportions as the executors were before required to pay the one-sixth part of the residue of his personal estate. "And in further trust; that the executors, or the survivor or survivors of them, shall and do, within the term of seven years from the date of my decease, and from time to time, and at such times and in such

lots, pieces and parcels, and at public auction or private sale, &c., grant, bargain and sell all my real estate," &c.   One third part of the purchase money is to be left upon the prem- ises sold, or invested at interest during the lifetime of his wife, and the interest thereof paid to her once in every six months during her natural life.   After paying all costs and charges and commissions, the residue is to be paid out and distributed, one equal sixth-part to each of his children, Wil- liam, Stephen, Grace, Amanda and Clementine, and the re- maining sixth part thereof to the children of his daughter Sarah Ann, in the same manner as the will directs in regard to the remaining sixth part of his personal estate bequeathed to his executors in trust.   He also declares that the provision in favor of his wife shall be in full satisfaction of her dower. And it appears she died on the 27th January, 1856.

We do not know from the case the ages of the five children who are the principal beneficiaries under the will, nor when they attained or would attain their majority; nor are we in- formed of the age of his wife, at the time the will was made, nor the probable duration of her life.   If the testator's object in creating this trust, coupled with the power of sale, was to enable his executors to make a more adequate provision for the support of his wife, by converting the real into personal estate, yielding an interest, if it became necessary; or if the five children who take five sixths of the estate would attain the age of twenty-one within the space of seven years from the time of the testator's decease, then we should be furnished with what may have been a very sufficient reason to the tes- tator for putting a limitation of time upon the exercise of the power to sell.   One thing is quite clear: the limitation is express and direct that they are to sell within seven years from the time of the testator's death; and this implies that they are not to sell after that time.   There is no reason why his will, in this respect, should not be observed as well as in every other; for it will not be doubted that he had the power to limit and prescribe the time within which the sale should

be made, as he had to limit and appoint the person or persons who were to make it. The words, "within the term of seven years from the date of my decease," doubtless were intended to signify some purpose and intention of the testator; and that intention can be no other than that the power of sale, if exercised at all, must be executed within the period of time written in the will. "If the conditions annexed to a power be merely nominal, and evince no intention of actual benefit to the party to whom or in whose favor they are to be performed, they may be wholly disregarded in the execution of the power. In all other respects the intention of the grantor of a power as to the mode, time and conditions of its execution, shall be observed, subject to the power of the court of chancery to supply defective executions." (4 *Kent's Com.* 333.)

The plaintiffs having failed to execute the power to sell during the time given to them for that purpose in the will, I think they are not in a condition to make and execute a sufficient conveyance to assure the title to the defendant, and she is entitled to have judgment in her favor, with costs, according to section 372 of the code.

[DUTCHESS GENERAL TERM, May 9, 1859. *Lott, Emott* and *Brown,* Justices.]